IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| APRIL BAINTER, on behalf of herself and all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) AKRAM INVESTMENTS, LLC ) ) Defendant. ) | Case No. |

**RULE 23 CLASS ACTION AND FLSA COLLECTIVE ACTION COMPLAINT**

Plaintiff April Bainter, individually and on behalf of all others similarly situated, known and unknown, through her attorneys, for her Complaint against Defendant AKRAM INVESTMENTS, LLC, states as follows:

**Nature of Plaintiff's Claims**

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et. seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA"), for Defendant's failure to pay Plaintiff and all other similarly situated employees their earned overtime pay and for making unauthorized deductions from their wages.

2. Plaintiff also brings an individual claim under the IWPCA for unlawful retaliation, in that her employment with Defendant was terminated because she complained about Defendant's unlawful deductions from her wages and immediately after she informed Defendant that she was going to seek legal advice regarding Defendant's unlawful deductions.

3. Among the schemes that Defendant utilized to deny Plaintiff and all other similarly situated employees their earned overtime pay is Defendant's practice of not including

1

an employee's "commissions" in his/her weekly total wages when computing his/her "regular hourly rate" for purposes of determining his/her hourly overtime rate.

4. Defendant's failure to include employees' commissions in their regular hourly rate resulted in Defendant's failure to pay employees overtime wages at the proper rate.

5. Defendant paid employees an overtime rate that was less than one and one-half times the applicable regular hourly rate, and thereby paid Plaintiff and all other similarly situated employees less in overtime compensation than the amounts they earned for hours worked over forty (40) in a work week.

6. Defendant also has a practice of taking unlawful deductions from employees' wages for business losses and/or expenses, referred to as "Employee Deductions" on their pay stubs.

7. Defendant's unlawful compensation practices as alleged herein are ongoing and continuing.

8. Plaintiff brings Count I as a collective action under the FLSA. A copy of Plaintiff's Consent Form to act as a representative Plaintiff with respect to her FLSA claim is attached as Exhibit A.

9. Plaintiff brings Counts II and III on behalf of herself and a class of Illinois sales associates, and employees in similar positions, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

**The Parties**

10. Plaintiff resides in Chicago, Illinois and is domiciled within this judicial district, the Northern District of Illinois.

11. At all material times hereto, Defendant owned and operated MetroPCS stores in

2

Chicago, Illinois and in the Orlando, Florida region.

12. As of September 2017, Defendant's 16 stores in the Orlando, Florida region were located at the following addresses: 1148 W. State Road 436, Altamonte Springs, FL 32714; 2182 E. Semoran Bld., Apopka, FL 32703; 1120 E. Hwy 50, Unit C, Clermont, FL 34711; 2554 W. Colonial Drive, Orlando, FL 32804; 121 Howland Blvd., Suite 100-B, Deltona, FL 32738; 4870 Edgewater Drive, Orlando, FL 32804; 7800 S. US Hwy 17-92, Unit 182, Fern Park, FL 32730; 3801 W. Lake Mary Blvd., Suite 117, Lake Mary, FL 32746; 1018 W. SR 434, Suite 150, Longwood, FL 32750; 1189 Blackwood Ave., Ocoee, FL 34761; 125 S. Volusia Ave., Orange City, FL 32763; 11681 S. Orange Blossom Trail, Orlando, FL 32837; 1643 Rinehart Road, Sanford, FL 32771; 4580 S. Semoran Blvd., Unit B, Orlando, FL 32822; 7563 University Blvd., Winter Park, FL 32792; 1184 SR 419, Winter Springs, FL 32708.

13. As of September 2017, Defendant's 19 stores in Chicago, Illinois were located at the following addresses: 4685 W. Irving Park Rd., Chicago, IL 60641; 2101 N. Western Ave., Chicago, IL 60647; 2553 W. 47th St., Chicago, IL 60632; 1701 W. 35th St., Chicago, IL 60609; 750 W. 35th St., Chicago, IL 60616; 2749 N. Harlem Ave., Chicago, IL 60707; 4635 W. 63rd St., Chicago, IL 60629; 2811 W. Devon Ave., Chicago, IL 60659; 2812 W. 55th St., Chicago, IL 60632; 325 E. Pershing Rd., Chicago, IL 60653; 5255 N. Milwaukee Ave., Chicago, IL 60630; 4559 S. Halsted St., Chicago, IL 60609; 3134 W. Montrose Ave., Chicago, IL 60618; 3212 ½ W. Lawrence Ave., Chicago, IL 60625; 4459 W. Lawrence Ave., Chicago, IL 60630; 2811 N. Broadway, Chicago, IL 60657; 3839 Northwestern Ave., Chicago, IL 60618; 3961 N. Ashland Ave., Chicago, IL 60613; and 8546 S. Stony Island Ave., Chicago, IL 60617.

14. Through its MetroPCS stores, Defendant sells cell phone service, cell phone devices and cell phone accessories.

15. At all material times hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. §203(d), the IMWL, 820 ILCS §105/3(c), and the IWPCA, 820 ILCS 115/2.

16. Plaintiff worked as a sales associate for Defendant from August 2016 until she was terminated on September 11, 2017.

17. During the course of her employment with Defendant, Plaintiff worked at 8 different MetroPCS stores, located at the following addresses: 2101 N. Western Ave., Chicago, IL 60647; 2553 W. 47th St., Chicago, IL 60632; 4559 S. Halsted St., Chicago, IL 60609; 3134 W. Montrose Ave., Chicago, IL 60618; 3212 ½ W. Lawrence Ave., Chicago, IL 60625; 2811 N. Broadway, Chicago, IL 60657; 3839 Northwestern Ave., Chicago, IL 60618; and 3961 N. Ashland Ave., Chicago, IL 60613.

18. At all material times hereto, Plaintiff and the similarly situated persons she seeks to represent were "employees" of Defendant as defined by the FLSA, 29 U.S.C. §203(e)(1), the IMWL, 820 ILCS §105/3(d), and the IWPCA, 820 ILCS 115/2.

19. Defendant's MetroPCS stores share managers, supervisors and employees.

20. Defendant provides common Human Resources services to all employees working at its MetroPCS stores in Chicago, Illinois and in the Orlando, Florida region.

21. Defendant utilizes the same payroll practices challenged herein for all employees working at its MetroPCS stores in Chicago, Illinois and in the Orlando, Florida region.

22. As of September 2017, Defendant publicly described itself as follows: "Akram Investments, LLC ("Akram Metro") is a MetroPCS Premier Retailer operating stores in the Orlando, FL and Chicago, IL metropolitan areas. Akram Metro currently employs over 100 people throughout 16 locations [in the Orlando metropolitan area]. Since its inception Akram Metro has always been in the top 3 MetroPCS Authorized Dealers and in 2013 became the

4

largest MetroPCS Authorized Dealer in the Orlando market earning it the title of MetroPCS Premiere Retailer in the first quarter of 2014. Akram Metro is at the forefront of customer service, striving to have every customer leave satisfied by creating a welcoming, knowledgeable environment for our customers." (https://www.indeed.com/cmp/Akram-Metropcs-1)

23. During at least the three years prior to filing the initial Complaint in this action, Defendant has employed over 100 persons throughout the United States who have performed job duties that are the same or substantially similar to Plaintiff and who were paid by Defendant in the same manner as Plaintiff with respect to overtime compensation and wage deductions.

24. During the course of their employment, Plaintiff and all other similarly situated employees of Defendant handled goods that moved in interstate commerce.

## Jurisdiction and Venue

25. This Court has federal question jurisdiction over Plaintiff's FLSA claim (Count I), which arises under 29 U.S.C. § 216(b), pursuant to 28 U.S.C. § 1331.

26. This Court has supplemental jurisdiction over Plaintiff's Illinois state law claims (Counts II, III and IV) pursuant to 28 U.S.C. §1367.

27. Defendant is a Florida corporation doing business within this judicial district.

28. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, as the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

## CLASS ACTION ALLEGATIONS

29. The Class that Plaintiff seeks to represent in regard to the IMWL claim in Count II is composed of and defined as all persons who have been employed by Defendant as a sales associate or similar position(s) at one or more of its MetroPCS Chicago, Illinois locations during the period within 3 years prior to the filing of this Complaint and who were paid a commission

and worked more than forty (40) hours in any given work week during that period.

30. The Class that Plaintiff seeks to represent in regard to the IWPCA claim in Count III is composed of and defined as all persons who have been employed by Defendant as a sales associate or similar position(s) at one or more of its MetroPCS Chicago, Illinois locations during the period within 10 years prior to the filing of this Complaint and who have had "Employee Deductions" taken from their wages during that period.

31. Plaintiff's claims in Counts II and III may be properly maintained as a class action under Rule 23 for reasons identified in paragraphs 32 - 47 of this Complaint.

32. The Classes are so numerous that joinder of all members in each class is impracticable.

33. While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that the unlawful schemes through which she was denied overtime pay and through which unlawful deductions were made from her wages have been and remain a common practice of Defendant in all of its 19 MetroPCS stores located in Illinois.

34. Upon information and belief, Defendant employed more than 75 sales associates and persons in similar positions in Illinois in the prior three years who, in at least one work week, worked more than forty (40) hours and who earned a commission in that work week.

35. Upon information and belief, Defendant employed more than 100 sales associates and persons in similar positions in Illinois in the prior ten years who had "Employee Deductions" taken from their wages.

36. There are questions of law and fact common to each class, and such common questions predominate over questions affecting only individual members.

37. The common questions of law and fact with respect to Count II, without

limitation, include the following: (1) whether Defendant failed to include commissions earned by Plaintiff and class members in the "regular hourly rate" used to calculate their hourly rate for overtime compensation; and (2) whether Defendant failed to pay Plaintiff and similarly situated employees all overtime wages due for all time worked over forty (40) hours in individual work weeks.

38. The common questions of law and fact with respect to Count III include, without limitation, whether Defendant made deductions from the wages due to Plaintiff and class members that (1) were not required by law, (2) were not to their benefit, (3) were not in response to a valid wage assignment or wage deduction Order and (4) were not made with their express written consent, given freely at the time the deductions were made.

39. Plaintiff will fairly and adequately represent and protect the interests of the members of both classes.

40. Plaintiff's counsel are competent and experienced in litigating large wage and hour and other employment class and collective actions.

41. A class action is an appropriate method for the fair and efficient adjudication of Plaintiff's claims in Counts II and III.

42. Certification of this case as a class action with respect to Plaintiff's claims in Counts II and III will allow the Illinois class members Plaintiff seeks to represent to litigate their claims in a manner that is most efficient and economical for the parties and the judicial system.

43. Without a class action, many (if not most) members of the prospective classes may not have sufficient economic incentives to pursue their claims on an individual basis.

44. Certification of this case with respect to Plaintiff's claims in Counts II and III is superior because if individual actions were required to be brought by each of the class members

injured or affected, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individuals, Defendant and the Court.

45. Certification of this case as a class action with respect to Plaintiff's claims in Counts II and III is also superior because class members who are still employed by Defendant may be reluctant to raise individual claims for fear of retaliation.

46. Certification of this case as a class action with respect to Plaintiff's claims in Counts II and III is superior because Plaintiff and the class seek injunctive relief that will affect all class members in a common way.

## COUNT I

### Violation of the Fair Labor Standards Act – Overtime Wages

47. Plaintiff hereby realleges and incorporates paragraphs 1 through 46 of this Complaint.

48. This Count arises from Defendant's willful violation of the FLSA, for its failure to pay all overtime wages due to Plaintiff and similarly situated employees for all hours worked in excess of forty (40) in individual work weeks.

49. Defendant is an "enterprise" as defined in the FSLA, 29 U.S.C. §203(r)(1), in that it has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §203(s)(1)(A).

50. Defendant's annual gross volume of sales made or business done, individually and collectively, has exceeded $500,000 in each of the last three calendar years, exclusive of excise taxes.

51. During the course of their employment by Defendant, Plaintiff and all other similarly situated persons employed by Defendant were not exempt from the overtime wage

provisions of the FLSA, 29 U.S.C. §207.

52. Pursuant to the FLSA, 29 U.S.C. §207, for all weeks during which Plaintiff and similarly situated employees worked in excess of forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular rate of pay.

53. During the period of at least three years prior to the filing of the initial Complaint in this matter, Plaintiff and all other similarly situated employees were directed by Defendant to work, and did so work, in excess of forty (40) hours per week.

54. Under the applicable FLSA regulations, for purposes of calculating the amount of overtime compensation due to any non-exempt employee for hours worked over forty (40) in a work week, any commissions paid during the week to that employee must be included in determining the employee's regular rate, which must then be multiplied by 1.5 to determine the employee's overtime hourly rate. 29 C.F.R. §§778.110, 778.117 and 778.118.

55. Under the applicable FLSA regulations, a commissioned employee's regular rate of pay for an individual work week is computed by adding the employee's commission earnings to his or her other earnings for that workweek, and then the total is divided by the number of hours worked in the work week. An employee's overtime rate equals one and one-half times his or her regular rate. 29 C.F.R. § 778.0118. As an example, if an employee is paid $10/hour and receives a commission of $100 during a week in which she worked a total of 50 hours, the $100 commission is added to the employee's other regular earnings of $500, and the sum ($600) is divided by the total number of hours worked in the workweek (50 hours) to obtain the employee's regular hourly rate in the work week ($600/50 hours = $12/hour). The employee must be paid one and one-half times his or her regular hourly rate ($18/hour) for each hour worked in excess of forty (40) in the work week, which in this example would be $180 ($18/hour

9

\* 10 hours).

56. During the period of at least three years prior to the filing of the initial Complaint in this matter, Defendant did not include employees' "commissions" in determining their regular hourly rate for purposes of calculating the amount of overtime compensation due.

57. By failing to include commissions in the regular hourly rate, Defendant used an hourly rate to compute overtime compensation that was less than the applicable regular hourly rate, and thereby paid Plaintiff and other similarly situated employees less overtime compensation than they earned for hours worked over forty (40) in a work week.

58. For example, for the week of September 12, 2016 through September 18, 2016, Plaintiff worked a total of 43 hours and 57 minutes (43.95 hours). During that work week, she was paid a "commission" of $183.67. Excluding commissions, Plaintiff's base hourly rate was $10.50 per hour. The commissions earned for that week ($183.67) plus Plaintiff's other earnings ($461.48) divided by the total number of hours worked during that week (43.95) is $14.68/hour, which means that Plaintiff's regular hourly rate for the week was $14.68/ hour. Plaintiff was entitled to be paid an overtime rate of one and one-half times her regular rate, or $22.02/hour ($14.68/hour x 1.5), but Defendant paid Plaintiff an overtime rate of $15.75/hour. Plaintiff should have been paid $86.98 in overtime compensation for the 3.95 overtime hours she worked for that week ($22.02/hour x. 3.95 hours). However, Defendant paid Plaintiff $62.21 in overtime compensation for that week, which was $24.77 less than the amount of overtime compensation owed. See Plaintiff's pay stub for the work week ending September 18, 2016, attached hereto as Exhibit B.

59. As another example, for the week of September 19, 2016 through September 25, 2016, Plaintiff worked a total of 53 hours and 24 minutes (53.4 hours). During that work week,

she was paid a "commission" of $59.52. Excluding commissions, Plaintiff's base hourly rate was $10.50 per hour. The commissions earned for that week ($59.52) plus Plaintiff's other earnings ($560.70) divided by the total number of hours worked during that week (53.4) is $11.61/hour. Plaintiff was entitled to be paid an overtime rate of one and one-half times her regular rate, or $17.42/hour ($11.61/hour x 1.5), but Defendant paid Plaintiff an overtime rate of $15.75/hour. Plaintiff should have been paid $233.43 in overtime compensation for the 13.4 overtime hours she worked for that week ($17.42/hour x 13.4 hours). However, Defendant paid Plaintiff $211.05 in overtime compensation for that week, which was $22.38 less than the amount of overtime compensation owed. See Plaintiff's pay stub for the work week ending September 25, 2016, attached hereto as Exhibit C.

60. Plaintiff's duties and the means by which she was compensated for her work, including for working more than forty (40) hours in an individual work week, were the same at all of the MetroPCS locations where she worked.

61. During the course of Plaintiff's employment, Defendant maintained employment policies applicable to all of Defendant's sales associates and similarly situated employees.

62. During the course of Plaintiff's employment, on information and belief, other employees employed by Defendant as sales associates or in other similar positions in Chicago, Illinois and in the Orlando, Florida region were compensated by Defendant with respect to overtime hours worked in the same manner as Plaintiff.

63. On information and belief, Defendant did not include similarly situated employees' "commissions" in the regular hourly rate for purposes of calculating the amount of overtime compensation due to them.

64. On information and belief, Defendant paid other similarly situated employees

overtime compensation that was less than the applicable regular hourly rate, and thereby paid Plaintiff and other similarly situated employees less overtime compensation than they earned.

65. Plaintiff and all other similarly situated employees were damaged by Defendant's violations of the FLSA.

66. Defendant's failure and refusal to pay all overtime wages due for hours worked by Plaintiff and all other similarly situated employees in excess of forty (40) hours per week was a willful violation of the FLSA, 29 U.S.C. §207, in that Defendant knew or showed reckless disregard for whether its conduct was prohibited by the FLSA.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. A judgment in the amount of all unpaid overtime compensation for all hours which Plaintiff and all other similarly situated employees worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due to Plaintiff and all other similarly situated employees;

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II

### Violation of the Illinois Minimum Wage Law – Overtime Wages

67. Plaintiff hereby realleges and incorporates paragraphs 1 through 66 of this Complaint.

68. The matters set forth in Count II arise from Defendant's violation of the overtime compensation provisions of the IMWL, 820 ILCS 105/4a.

69. Plaintiff brings Count II pursuant to 820 ILCS 105/12(a).

70. During the course of her employment by Defendant, Plaintiff was not exempt from the overtime wage provisions of the IMWL, 820 ILCS 105/4a.

71. During the course of their employment by Defendant, other hourly paid sales associates and persons in similar positions were not exempt from the overtime wage provisions of the IMWL, 820 ILCS 105/4a.

72. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff and all other hourly paid sales associates and persons in similar positions worked in excess of forty (40) hours, Plaintiff and all other hourly paid sales associates and persons in similar positions were entitled to be compensated at one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per week.

73. Defendant violated the IMWL by not including employees' "commissions" in their regular hourly rate for purposes of calculating and paying overtime compensation.

74. By failing to include commissions in their regular hourly rate, Defendant used an hourly rate to compute overtime compensation that was less than the applicable regular hourly rate, and thereby paid Plaintiff and other similarly situated employees less overtime compensation than they earned.

75. Plaintiff and the class members she seeks to represent were damaged by Defendant's violations of the IMWL.

76. Pursuant to 820 ILCS 105/12(a), Plaintiff and class members she seeks to represent are entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. A judgment in the amount of all unpaid overtime compensation for all hours which Plaintiff and all other similarly situated employees worked in excess of forty (40) hours per week;

B. Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT III

**Violation of the Illinois Wage Payment and Collection Act – Unlawful Deductions**

77. Plaintiff hereby realleges and incorporates paragraphs 1 through 76 of this Complaint.

78. At all relevant times hereto, Plaintiff and all class members she seeks to represent performed work for Defendant.

79. During the course of Plaintiff's employment, Defendant took deductions from Plaintiff's wages by forcing her to pay for errors and business losses and expenses, identified in each weekly pay stub as an "Employee Deduction" under the category "After-Tax Adjustments."

80. For example, from August through December 2016, Defendant took "Employee Deduction(s)" from Plaintiff's wages of at least $39.50, including the following deductions on the following dates: November 2, 2016 ($4.50); November 16, 2016 ($25); and December 21, 2016 ($10).

81. From January through September 2017, Defendant took "Employee Deduction(s)" from Plaintiff's wages of at least $234.50, including the following deductions on the following dates: May 3, 2017 ($41.50); May 17, 2017 ($50); June 7, 2017 ($45); July 26, 2017 ($30); August 9, 2017 ($53); and August 23, 2017 ($15).

82. The deductions made by Defendant from Plaintiff's wages (1) were not required by law, (2) were not to Plaintiff's benefit, (3) were not in response to a valid wage assignment or wage deduction Order and (4) were not made with the express written consent of Plaintiff, given freely at the time the deductions were made.

83. Defendant likewise made "Employee Deductions" from the wages of other Illinois sales associates and persons in similar positions that (1) were not required by law, (2) were not to their benefit, (3) were not in response to a valid wage assignment or wage deduction Order and (4) were not made with their express written consent, given freely at the time the deductions were made.

84. Defendant violated the IWPCA, 820 ILCS 115/9, by making unauthorized deductions from Plaintiff's wages and the wages of other Illinois sales associates and persons in similar positions.

85. Plaintiff and members of the class were damaged by Defendant's violations of the IWPCA.

86. Pursuant to 20 ILCS 105/12(a), Plaintiff and the members of the class are entitled to recover damages for 10 years prior to the filing of the suit. 735 ILCS 5/13-206.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. The full amount of wage deductions and prejudgment interest owed to Plaintiff and all similarly situated employees by Defendant;

B. Reasonable attorneys' fees and costs incurred in filing this action;

C. An injunction precluding Defendant from taking "Employee Deductions" in violation of the Illinois Wage Payment and Collection Act; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT IV

## UNLAWFUL RETALIATION

87. Plaintiff hereby realleges and incorporates paragraphs 1 through 86 of this Complaint.

88. This Count is brought on behalf of Plaintiff, individually.

89. The IWPCA makes it unlawful for an employer to retaliate against an employee by, for example, terminating her employment, "because that employee has made a complaint to his employer, … that he or she has not been paid in accordance with the provisions of this Act." 820 ILCS 115/14(c).

90. Under the IWPCA's anti-retaliation provision, "[a]n employee who has been unlawfully retaliated against shall be entitled to recover … in a civil action, … all legal and equitable relief as may be appropriate …[plus] costs and all reasonable attorney's fees." 820 ILCS 115/14(c).

91. On several occasions, Plaintiff complained to Defendant about the "Employee Deduction(s)" Defendant took and threatened to take from Plaintiff's wages. Plaintiff's complaints were made to her supervisor and Defendant's Human Resources Department. As part of her complaints, Plaintiff stated her belief that Defendant's deductions from her wages were illegal.

92. On September 11, 2017, Plaintiff complained to Defendant about the "Employee Deduction" it took and threatened to take from her wages, and Plaintiff informed Defendant that she was "going to talk to a lawyer."

93. Within minutes of Plaintiff's written communication to Defendant that she was "going to talk to a lawyer," Defendant fired Plaintiff, by requesting that she drop off her keys to

the store where she had been most recently working.

94. After Plaintiff's written communication to Defendant that she was "going to talk to a lawyer," and Defendant's termination of Plaintiff, Defendant did not schedule Plaintiff for any more hours of employment.

95. Defendant terminated Plaintiff's because she made complaints about Defendant's unlawful deductions from her wages and because she stated she was going to seek legal advice to address that issue.

96. Defendant's termination of Plaintiff's employment violated the IWPCA, 820 ILCS 115/14(c).

97. As a result of Defendant's termination of Plaintiff's employment, Plaintiff has suffered lost income and benefits.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. The full amount of lost wages and benefits suffered based on Defendant's unlawful termination of Plaintiff's employment;

B. Reasonable attorneys' fees and costs incurred in filing this action; and

C. Such other and further relief as this Court deems appropriate and just.


Dated: September 29, 2017

                                        Respectfully submitted,

                                        s/Steven P. Schneck
                                        One of the Attorneys for Plaintiff


Douglas M. Werman (dwerman@flsalaw.com)
Maureen A. Salas (msalas@flsalaw.com)
Steven P. Schneck (sschneck@flsalaw.com)
Sarah J. Arendt (sarendt@flsalaw.com)

Werman Salas P.C.
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
(312) 419-1008