**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| APRIL BAINTER, on behalf of herself and all others similarly situated, | ) | |
| | ) | Case No. 1:17-cv-07064 |
| Plaintiff, | ) | |
| | ) | Judge Bucklo |
| v. | ) | |
| | ) | Magistrate Judge Valdez |
| AKRAM INVESTMENTS, LLC | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT
TO ANSWER WRITTEN DISCOVERY AND FOR
ATTORNEYS' FEES AND COSTS**

Plaintiff moves this court for an Order compelling Defendant Akram Investments, LLC to produce responses to Plaintiff's First Set of Interrogatories to Defendant Akram Investments, LLC and Plaintiff's First Document Requests to Defendant Akram Investments, LLC. In support of this motion, Plaintiff states the following:

1. Plaintiff's Complaint arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq*. ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et. seq*. ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA"), for Defendant's failure to pay Plaintiff and all other similarly situated employees their earned overtime pay and for making unauthorized deductions from their wages. Plaintiff also brings an individual claim under the IWPCA for unlawful retaliation, in that her employment with Defendant was terminated because she complained about Defendant's unlawful deductions from her wages.

2. On February 5, 2018, Plaintiff served Plaintiff's First Set of Interrogatories to Defendant Akram Investments, LLC, Plaintiff's Document Requests to Defendant Akram

Investments, LLC, and Plaintiff's First Requests for Admission to Defendant Akram Investments, LLC. (attached hereto as Exhibits A – C, respectively).

3. On February 13, 2018, Plaintiff moved for Step 1 Notice under the FLSA. ECF No. 29. Despite refusing to consent to Plaintiff's motion for Step 1 Notice and asking for time to file a written opposition, Defendant failed to file any response to Plaintiff's motion. On March 15, 2018, the Court granted Plaintiff's motion for Step 1 Notice. ECF No. 36.

4. Defendant's answers and responsive documents to Plaintiff's written discovery requests were due by March 12, 2018. On March 7, 2018, Defendant filed its response to Plaintiff's Requests to Admit. Defendant failed to provide answers to Plaintiff's First Set of Interrogatories and Plaintiff's Document Requests, and responsive documents by March 12, 2018.

5. On March 13, 2018, Plaintiff timely served written responses to Defendant's discovery requests.

6. On March 13, 2018, Plaintiff's undersigned counsel, Douglas M. Werman, sent an email to Defendant's counsel James Griffin, asking where his client's discovery responses were, noting that they were overdue. Defense counsel did not respond to this email. Exhibit D.

7. On March 20, 2018, Mr. Werman sent another email to Defendant's counsel Mr. Griffin, confirming that Plaintiff had still not received Defendant's discovery answers, and that Mr. Griffin did not respond to Mr. Werman's above-referenced March 13, 2018 email. Exhibit E. Mr. Werman further noted in his email that because Mr. Griffin had not participated in any interactive process to resolve the dispute concerning his client's failure to answer discovery, Plaintiff would file a motion to compel. *Id.*

8. On March 21, 2018, Defendant's counsel Mr. Griffin responded that they "were working" on discovery responses, but that he asked his client to prioritize preparation of the list of names for the opt in notice, and asked Mr. Werman to withhold filing a motion as his client "is working" on providing the discovery responses. Exhibit F.

9. On March 21, 2018, Mr. Werman emailed Mr. Griffin that since his client's discovery answers were due on March 12, and the Court did not grant Plaintiff's step-one motion until March 15, any delay in answering Plaintiff's discovery could not be a result of Defendant focusing on creating the class list. Mr. Werman further pointed out that Mr. Griffin's failure to state any firm date when Defendant would answer discovery is not sufficient and does not comply with L.R. 37.2, and any objections Defendant might have had to Plaintiff's discovery requests are waived. *Autotech Technologies Ltd. Partnership v. Automationdirect.Com, Inc.*, 236 F.R.D. 396, 398 (NDIL 2006)(citing *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 74 (7th Cir.1992), *inter alia*). Mr. Werman concluded that if Mr. Griffin could not commit to a response and production date in the next 7 to 10 calendar days, Plaintiff will file a motion, and asked Mr. Griffin to let him know how he wanted to proceed. Exhibit F.

10. As of the date this motion is filed, Mr. Griffin has not responded to Mr. Werman's March 21, 2018 email.

11. Plaintiff, as set forth above, has made repeated efforts to obtain responses from Defendant. Defendant did not raise objections to the scope or content of Plaintiff's written discovery, but simply refused to answer. Plaintiff has complied with Local Rule 37.2 prior to filing this motion.

12. Plaintiff is entitled to answers to this discovery. Plaintiff requests that the Court enter an Order requiring Defendant to provide complete responses to Plaintiff's written discovery, including responsive documents, within seven (7) days of the Court's order.

13. Rule 37(a)(5)(A) also mandates the payment of reasonable attorneys' fees when a party's failure to answer discovery necessitates the filing of a motion. Fed. R. Civ. P. 37(a)(5)(A). Plaintiff requests that the Court award Plaintiff her attorneys' fees incurred in bringing this motion. Plaintiff seeks these fees and costs against both Defendant Akram Investments, LLC, as well as Defendant's counsel, pursuant to Fed. R. Civ. P. 37(b)(2)(C). Plaintiff's counsel will provide the Court with an accounting of the attorneys' fees and costs incurred in bringing this motion after the Court rules.

WHEREFORE, for the reasons stated above, Plaintiff asks the Court to enter an Order:

A. compelling Defendant to produce complete, written responses to Plaintiff's First Set of Interrogatories and Plaintiff's First Document Requests, and to produce complete, responsive documents, within seven (7) days of the Court's order;

B. ruling that Defendant has waived all objections that could have been seasonably asserted to the written discovery; and

C. awarding Plaintiff her attorneys' fees and costs incurred in bringing this Motion against both Defendant Akram Investments, LLC and Defendant's counsel.

Respectfully submitted,

Dated: March 28, 2018

s/Douglas M. Werman
Douglas M. Werman
Werman Salas P.C.
77 W. Washington Street, Suite 1402
Chicago, Illinois 60602
(312) 419-1008

Attorneys for Plaintiff